UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BRICESON R. STANDLEY.,

    Defendant.

Case No. 3:23-mj-05229-DWC

DETENTION ORDER

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Section 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person or the community. The defendant is represented by Assistant Federal Public Defender Heather Carroll. The government is represented by Assistant United States Attorney Hillary Stewart.

The defendant is charged with two counts of Sexual Abuse of a Minor, regarding Minor Victim (MV). Dkt. 1, Complaint. The government filed a motion for detention (Dkt. 4) and later an Amended Motion for Detention Order (Dkt. 11), asserting that if released, Mr. Standley would pose a substantial risk of flight, risk of non-appearance, and risk of dangerousness to others and to the community.

The Court conducted a hearing on June 22, 2023, considered the documents in the record, heard information and argument presented during the hearing, including the pretrial services reports (Dkts. 5, 12).

The government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others or to the community.

The four factors are: (1). Nature and seriousness of the charges; (2). Weight of the evidence against the defendant; (3). History and characteristics of the defendant; and (4). "Nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-

(4). The Bail Reform Act recognizes that release should be the normal course, and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). In evaluating whether the defendant poses a serious potential for dangerousness, it is not necessary for the government to produce, or for the Court to rely on, evidence of prior convictions for violent crimes. *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008).

Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release that would effectively mitigate the potential for dangerousness to others or to the community.

The charges, involving sexual offenses against MV, were allegedly committed during a period when Mr. Standley was communicating with MV online. Mr. Standley arranged for MV to meet him in a location near a public library and to walk together to the forest in Olympic National Park. Dkt 1, at 4-6. The alleged rapes occurred in Olympic National Park. *Id.*

The facts alleged in the Complaint, and the additional facts of the government's proffer, convince the Court that his threat to the community continues and his behavior cannot be successfully controlled by imposing structured supervision. These allegations include Mr. Standley having a machete and pocketknife with him during the second assault. Dkt. 1, Complaint, at 5. The Complaint also alleges that Mr. Standley used social media to keep in touch with MV after the assaults (Dkt. 1 at 6); this would indicate he would be likely to pose a community safety risk if he were to have any access to the internet – and would

be at risk of violating conditions requiring him to not have access to electronic devices or internet connections, while on supervised release.

During the hearing, the Court heard defense evidence of Mr. Standley's lifelong connections to the town of Port Angeles, Washington. The defense explained that Mr. Standley has family support – if Mr. Standley would be able to abstain from drug use, and would find and maintain steady employment – then, under conditions where Mr. Standley would abide by such rules, his father has offered to provide a home where he can live during pretrial proceedings. The defense also confirmed that Mr. Standley's father is willing, under circumstances where Mr. Standley is not engaging in substance abuse and is employed, to be a third-party custodian for his son.

The First Supplemental Pretrial Report also includes the observation that there are numerous schools located near the home of Mr. Standley's father. Dkt. 12, at 2-3. Mr. Standley has significant ties to the community, but he is not currently employed in an economically stable situation, and the record shows he has had substance abuse problems. Dkt. 12, at 3-5.

The Court therefore orders that the parties, in collaboration with U.S. Pretrial and Probation, work together to arrange, if possible, an evaluation of Mr. Standley at the Federal Detention Center. The purpose of such an evaluation would be for Mr. Standley to be evaluated for potential substance use (particularly considering history of alcohol abuse, and a statement about recent fentanyl use – Dkt. 12, at 3-5) disorder and mental health treatment. If appropriate evaluation occurs and any report from the professional(s) who evaluate Mr. Standley is made available

to the Court, and the evaluation and report would support further review and potential that placement in treatment may be successful, the Court would consider a motion to re-open the detention hearing.

The Court agrees with the Supplemental Pretrial Services Report and finds none of the release conditions would be a viable release plan under the Bail Reform Act, because the Court cannot effectively prevent the defendant from leaving the residence or from having visitors come to see him at such locations. Even with electronic location monitoring, the defendant would potentially be able to obtain access to minors by meeting them at locations that might not immediately be detected as off-limits, and may obtain access to alcohol or drugs -- his father's residence would not be completely secure from ingress or egress, nor could his father prevent the defendant from gaining access to the internet. The Court finds that, based on the allegations of rape, and having brought a pocket knife and machete to the scene of one of the alleged rapes, against a minor, as well as evidence that he had abused alcohol in the past (including a prior DUI conviction) and his statement to a pretrial services officer that he had used fentanyl recently, the Court orders pretrial detention.

This finding is based on:

 1) the nature and circumstances of the charged offenses, including allegations of repeated sexual abuse including rape, against a minor;

2) the weight of the evidence against the person;

3) the history and characteristics of the person;

4) criminal history;

5) history of failure to appear; and

6) the nature and seriousness of the danger release would impose to any person or the community.

*Order of Detention*

< The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

< The defendant shall be afforded reasonable opportunity for private consultation with counsel.

< The defendant shall on order of a court of the United States or on request of an attorney for the government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 23rd day of June 2023.

$\mathsf{S}$ _____
Theresa L. Fricke
United States Magistrate Judge